JAMES E. KIGGIN *vs.* ESTATE OF SARAH J. KIGGIN

DECEMBER 16, 1937.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

Moss, J. This case is an appeal by James E. Kiggin to the superior court from a decree entered by the probate court of the city of Providence on March 22, 1935, in the matter of the estate of Sarah J. Kiggin, deceased, determining his claim against that estate to be invalid. On March 11, 1936, after the appeal had been filed in the superior court, Edward F. McElroy, a member of the bar of this state, who was then the attorney of record in the probate court for William McManus, one of the next of kin of the decedent, was, on his own petition, appointed by the probate court to represent the estate in the superior court in the matter of this appeal. On March 12, 1936, as such representative, he filed in the latter court a motion that the appeal be dismissed. After a hearing a decision was entered granting this motion and the case is now before us on the appellant's exception to this decision.

The history of the matter in the probate court is as follows. Sarah J. Kiggin died intestate on October 10, 1933. On November 21, 1933, John J. McManus, one of her next of kin, was appointed administrator of her estate and duly qualified. On December 11, 1933, James E. Kiggin, who

was a brother of the decedent, filed his claim against the estate in the amount of two thousand dollars, which he alleged he loaned to her. On January 12, 1934, the administrator filed his resignation. On February 6, 1934, this was accepted by the probate court and James E. Kiggin was appointed administrator *d. b. n.* and qualified as such a week later. The former administrator had not disallowed the claim of the latter. On March 27, 1934, the above-mentioned William McManus filed a disallowance of this claim, within the statutory period for filing a disallowance of a claim.

On March 4, 1935, the claimant, having in the meantime filed no action at law in the superior court on his claim as having been disallowed by a party in interest in the estate, filed a motion in the probate court that the claim be assigned for hearing. Objection was made on the ground that that court had no authority to pass upon a claim that had been previously disallowed. The court, however, held that it had such authority under general laws 1923, chap. 365, sec. 10, reading as follows: "If an executor or administrator shall file a claim which he had against the testator or intestate in his lifetime, the probate court shall examine and determine such claim. If there is a co-executor or co-administrator, he shall represent the estate at such hearing, otherwise the probate court may appoint some person to represent the estate." Accordingly there was a hearing upon the merits of the claim, at which Mr. McElroy, as representing William McManus, was permitted to oppose it. After the hearing, the decree appealed from was entered on March 22, 1935, determining the claim to be invalid.

The appeal from this decree was taken in due time and in the proper manner, the grounds being, in substance, that the decree was contrary to the evidence and that it was contrary to law. If this appeal had not been dismissed on the motion of the representative of the estate, as above set forth, the merits of the claim of the appellant against the estate would have been determined by a trial *de novo* in the superior court. The ground on which the appeal was dismissed

in that court is not very clear. Something, which to us is entirely unconvincing, was said about the claimant having elected his remedy. But the main ground for the dismissal seems to us to have been that because the claim was filed before the appointment of the claimant as administrator *d. b. n.* of the estate and was afterwards disallowed by one of the next of kin, the claimant's sole remedy was to file an action at law as upon any other disallowed claim and he had no right to have the claim heard and determined by the probate court under the statutory provision quoted *supra.*

Mr. McElroy endeavors to support the dismissal of the appeal not only upon that ground, but also on the ground that because the claimant had chosen to have the question of the validity of his claim determined by the probate court, the determination against him was final and not appealable by him. That a person having an interest in an estate has a right to appeal from a decree of that probate court, by which the validity of a claim filed by an executor or administrator is sustained at least in part, has several times been recognized by this court. *Hobin* v. *Hobin,* 33 R. I. 249; *Kenyon* v. *Hayhurst, Admr.,* 35 R. I. 380; *Gilbert* v. *Hayward,* 37 R. I. 303.

The statutory provision, (G. L. 1923, chap. 362, sec. 1.), for an appeal from a court of probate authorizes any person aggrieved by an order or decree of a court of probate to take an appeal therefrom to the superior court, by taking certain steps within certain periods of time; and a person whose claim against an estate has been determined to be invalid by a decree of a court of probate is certainly a person aggrieved by that decree. Therefore, if a person interested in an estate has a right of appeal from a decree *sustaining* a claim filed by an executor or administrator, as is recognized in the cases cited *supra,* we can see no reason why the executor or administrator should not have a similar right of appeal from a decree *against* such claim. And we cannot see why he should be held to have precluded himself from exercising that right because he had the question of the validity

of his claim determined by the probate court, if it was the duty of that court to determine that question. Hence we find no merit in the second of the above grounds relied on by Mr. McElroy.

There remains for decision the question of the soundness of the former of the above grounds, i. e., whether it was the duty of the probate court in the instant case to determine the question of the validity of the appellant's claim. The answer to that question depends upon whether the first sentence of the section above quoted from the general laws, namely: "If an executor or administrator shall file a claim which he had against the testator or intestate in his lifetime, the probate court shall examine and determine such claim", applies to a claim which is filed by a person who only afterwards becomes administrator *d. b. n.* and to which a disallowance is filed, but only *after* he has become such administrator.

If the section be construed strictly and literally, without regard to the purpose for which it was obviously enacted, it would not, in our opinion, include such a claim. But it is also our opinion that it would not be a violent construction to treat the section, in view of its purpose, as if it read: "If an executor or administrator shall have filed a claim, etc.

The obvious intent of the section is to prevent an unjust claim, which has been filed by an executor or administrator, from being paid out of the assets of the estate, without a contest, because he has not disallowed it and no one else having an interest in the estate has learned about the claim and has disallowed it within the time allowed by law for disallowance of claims. The evil to be remedied by this section is just as real and just as great whether the unjust claim was filed after the claimant became executor or administrator, or he became administrator *d. b. n.* after his claim was filed, but before it was disallowed.

Therefore, in our opinion, the section should be held to apply at least to such a claim as that involved in the instant case, where the claimant became the administrator *d. b. n.* *after* his claim had been filed but *before* it had been disal-

lowed. The first sentence of the section clearly is mandatory and contains no provision which would exclude from the operation of the section a claim which was filed by an executor or administrator after he became such, but which was disallowed before it was examined and determined by the probate court. Therefore it is our opinion that, in like manner, a claim filed by one who afterwards became administrator *d. b. n.* should not be excluded from the operation of the section merely because a disallowance of it was filed *after* the claimant became such administrator, which is what happened in the instant case.

It is contended against the appellant that the section, as thus construed, would be inconsistent with the general statutory provisions with regard to the filing and disallowance of claims and the bringing of action on disallowed claims. G. L. 1923, chap. 365, secs. 3, 6, 10. But as so construed, it would be no more inconsistent with those provisions than it would be if strictly and literally construed; and in the narrower field the section has been recognized by this court to be valid, as pointed out, *supra*.

Moreover, it is a special statute, applying to a particular small class of claims that may be filed in probate courts, while the statutory provisions with which, it is contended, it is inconsistent apply to such claims in general; and there is a general, common law rule of statutory construction, which in this state has been made statutory by G. L. 1923, chap. 32, sec. 21, reading as follows: "Wherever a general provision shall be in conflict with a special provision relating to the same or to a similar subject, the two provisions shall be construed, if possible, so that effect may be given to both; and in such cases, if effect cannot be given to both, the special provision shall prevail and shall be construed as an exception to the general provision." Therefore, we find no merit in the contention based on an alleged inconsistency between the statutory provisions as to claims filed in probate courts.

Our conclusion then is that the probate court had jurisdiction and authority to examine and determine the claim

involved in the instant case; that its decree determining the claim to be invalid was appealable; and that therefore the superior court erred in dismissing the appeal.

The appellant's exception is sustained and the case is remitted to the superior court for trial.

*Oreal Grossman,* for appellant.

*McKiernan, McElroy & Going, Edward F. McElroy,* for appellee.